**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
:
JAMES GRAVES,                          :
                                       :      Civil Action No. 13-7591 (ES)
            Plaintiff,                 :
                                       :
      v.                               :      OPINION
                                       :
GARY M. LANIGAN, et al.,               :
                                       :
            Defendants.                :
_____ :

**SALAS, District Judge.**

In this prisoner civil rights action, Plaintiff James Graves brings Eighth and Fourteenth Amendment conditions-of-confinement claims against Defendants Gary M. Lanigan ("Lanigan"), Commissioner of the Department of Corrections for the State of New Jersey; Paul Lagana, Chief Administrator-Warden of Northern State Prison in Essex County, New Jersey; and a number of correction officer defendants (collectively, "Defendants"). Plaintiff challenges Defendants' alleged failure to provide adequate heat to his cell while he was imprisoned at Northern State Prison. Presently before the Court is Defendants' motion to dismiss the Amended Complaint in its entirety. The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendants' motion is granted in part and denied in part.

**I.     BACKGROUND**

Plaintiff's Amended Complaint challenges the conditions of his confinement while he was incarcerated at Northern State Prison. (D.E. No. 16, Amended Complaint ("Am. Compl.") at 2). Plaintiff claims that the heating system at the prison was broken in the winter from December 16, 2011 through May 30, 2012, and that he suffered injuries from the cold. (*Id.* ¶¶ 2, 29, 33, 36). Plaintiff was a pretrial detainee during this five-month time period because he alleges that he was not sentenced until July 20, 2012. (*Id.* at 2.).[1] According to Plaintiff, during this five-month time period, he received only a blanket to keep him warm, (*id.* ¶ 35), and ultimately required hospitalization for "chest pain, fatigue, stress, mental anguish and worry, inability to sleep and other related medical conditions," (*id.* ¶ 36). Without elaboration, Plaintiff further alleges that his "medical and physical conditions were not responded to in a proper and humane manner by all of the defendants." (*Id.* ¶ 34).

Plaintiff seeks to hold several defendants liable for his alleged injuries. In Count I of the Amended Complaint, he claims that Defendant Lanigan failed to create and "issue a written policy respecting Plaintiff's civil rights regarding exposure to 'extreme cold' on a level that 'shocks the conscience.'" (*Id.* ¶ 38). He further claims that Lanigan failed to properly train "certain employees in regard to ensuring that Plaintiff or other inmates do not subject incarcerated inmates to extreme cold temperatures . . . ." (*Id.*). In Count II, Plaintiff claims that Defendant Lagana: (i) ignored Plaintiff's actual oral and written complaints regarding the extreme cold; (ii) ignored any constructive notice he received of those complaints; and (iii) failed to adequately ameliorate the lack of heat other than to provide blankets. (*Id.* ¶ 43).

---

[1] Plaintiff states that he was released from Northern State Prison on October 3, 2014. (*Id.*)

2

Plaintiff brings claims against a number of correction officers in Count III. The named correction officers are: M. Williams (also known as "Moosky"), J. Head, S. Cowans, I. Marsh, E. Hernandez, J. Correa, N. Oliveira, L. Arriaga, J. Virhuez, and R. Shelbourne (collectively, "Correction Officer Defendants"). (*Id.* ¶ 47). Plaintiff alleges that he complained to these correction officers about the lack of heat, but those officers failed to report his complaints and failed to take any measures to remedy the cold, other than to provide the blankets. (*Id.*). He further alleges that each of these defendants "caused and/or was a substantial factor in causing" his injuries. (*Id.* ¶ 48).

Finally, Count IV is directed at all of the Defendants. In that count, Plaintiff states that "[t]he conduct and failures of all of the Defendants . . . as Employees of the New Jersey Department of Corrections- Northern State Prison, while Plaintiff was an inmate, violated Plaintiff's civil rights as set forth above." (*Id.* ¶ 55).

For each count, Plaintiff asserts that the Defendants violated his civil rights under the Eighth and Fourteenth Amendments of the United States Constitution, and unspecified provisions of the New Jersey Constitution. (*Id.* ¶¶ 41, 45, 49, 57).[2] The claims against Defendants Lanigan and Lagana are against them in their official capacities. (*Id.* ¶¶ 38, 43). Plaintiff seeks compensatory damages, attorney's fees, and costs.

## II. LEGAL STANDARD

### A. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable

---

[2] It appears from the Amended Complaint that Plaintiff may be attempting to bring a stand-alone claim under the State's constitution.

to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal quotations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.* at 679.

    **B.**    **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**III.    DISCUSSION**

Defendants raise several challenges to Plaintiff's claims in the Amended Complaint. First, Defendants Lanigan and Lagana argue that they are entitled to Eleventh Amendment

immunity, and that they are not persons subject to suit under section 1983. Next, the Correction Officer Defendants present a statute of limitations defense. In addition, they argue that they are not persons subject to section 1983 claims and that they are entitled to qualified immunity. Finally, Defendants argue that Plaintiff's allegations are insufficient to state claims against them.

### A.     Eleventh Amendment Immunity – Defendants Lanigan and Lagana

As an initial matter, Defendants Lanigan and Lagana argue that they are entitled to Eleventh Amendment immunity on the section 1983 claims against them because Plaintiff has sued them only in their official capacities. (D.E. No. 32-1, Brief in Support of Defendant's Motion to Dismiss ("Def. Mov. Br.") at 11). On this point of law, Defendants Lanigan and Lagana are correct. As the Third Circuit has explained in *Betts v. New Castle Youth Dev. Ctr.*, "[i]ndividual state employees sued in their official capacity are . . . entitled to Eleventh Amendment immunity . . . ." 621 F.3d 249, 254 (3d Cir. 2010) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). This is because "official-capacity suits generally represent only another way of pleading an action against the state." *Id.* (internal quotation marks omitted) (quoting *Hafer*, 502 U.S. at 25). As Plaintiff has not sued Defendants Lanigan and Lagana in their individual capacities, all section 1983 claims against those defendants must be dismissed.[3]

Plaintiff argues in his opposition that several pre-*Betts* cases allow plaintiffs to pursue official capacity claims against state officials. (D.E. No. 35, Plaintiff's Opposition ("Pl. Opp. Br.") at 2). Specifically, Plaintiff cites to *Will v. Michigan Dept. of State Police*, 491 U.S. 58

---

[3] Defendants Lanigan and Lagana have not moved for Eleventh Amendment immunity on any stand-alone claims brought against them under the New Jersey Constitution. Hence, the Court does not address such an argument here, and any such claims remain in the case. Additionally, because the Court concludes that they are entitled to immunity on the section 1983 claims, the Court does not address their argument that the section 1983 allegations fail to state a claim.

(1989), *Whitley v. Albers*, 475 U.S. 312 (1986), *Smith v. Messinger*, 293 F.3d 641 (2002), *Fagan v. City of Vineland*, 22 F.3d 1283 (3d Cir. 1994), and several other cases. None of these cases, however, hold that Eleventh Amendment immunity is unavailable to state officials who are sued solely in their official capacity. Moreover, "[r]egardless of Eleventh Amendment immunity . . . § 1983 does not create a cause of action against states or state officials acting in their official capacities." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 224 n.9 (3d Cir. 2015) (citing *Will*, 491 U.S. at 66, 71). Therefore, Plaintiff's argument is without merit, and the section 1983 claims against Defendants Lanigan and Lagana are dismissed with prejudice.

### B.     Section 1983 Personhood Requirement – Correction Officer Defendants

The Correction Officer Defendants argue that they are not persons subject to suit under section 1983. That is true, but only to the extent that Plaintiff sues these defendants in their official capacities. The Correction Officer Defendants assert that "Plaintiff has not sued the named Corrections Officers in their individual capacities – only their official capacities," citing the absence of capacity language in those paragraphs of the complaint that address them. (Def. Mov. Br. at 9). In the Court's view, the better reading of the Amended Complaint is that it simply does not specify the capacity in which the Correction Officer Defendants are sued.

Where, as here, a plaintiff fails to specify whether a defendant is sued in her official or individual capacity (or both), the Court of Appeals has directed district courts to "look to the complaints and the 'course of proceedings.'" *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990) *aff'd*, 502 U.S. 21 (1991); *Pena v. Div. of Child & Family Servs.*, No. 08-1168, 2010 WL 3982321, at *1 (D.N.J. Oct. 8, 2010) (quoting same). In *Melo*, the Third Circuit concluded that a complaint that listed an individual defendant by name, and not the governmental entity for which she worked, and requested damages from that individual, as opposed to the state, asserted an individual-

capacity claim. *Id.* at 636. In addition, the *Melo* Court found it telling that the defendant had moved for qualified immunity. According to the Third Circuit, the defendant "understood that plaintiffs sought to sue her in her personal capacity because she raised the defense of qualified immunity throughout the course of these proceedings, a defense available only for governmental officials when they are sued in their personal, and not in their official, capacity." *Id.* The Court further explained that, once the plaintiff made it clear in oral argument that he intended to sue the defendant in her individual capacity, the district court below should have permitted the plaintiff to amend the complaint to expressly state an individual-capacity claim. *Id.*

As in *Melo*, Plaintiff here has indicated that he intended to sue the Correction Officer Defendants in their individual capacities, and there is no language in the Amended Complaint that contradicts this assertion.[4] The Amended Complaint does not name the State as a defendant, or its departments or agencies, or expressly seek damages from the State. Moreover, the Correction Officer Defendants have asserted qualified immunity as a defense, thereby implicitly acknowledging that individual-capacity claims have been brought against them. *See generally Owen v. City of Indep.*, 445 U.S. 622, 650–53 (1980); *Giles v. Kearney*, 571 F.3d 318, 325 (3d Cir. 2009) ("Government officials are immune from suit *in their individual capacities* unless, 'taken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's

---

[4] Defendants argue that "Plaintiff does not assert that he is suing the State Defendants in their individual capacities." (D.E. No. 36, Defendants' Reply Brief ("Def. Reply Br."), at 1-2). Contrary to their assertion, Plaintiff notes in his opposition papers that "[w]hile Defendants Lanigan & Lagana were sued in their official capacity, Plaintiff has sued the correction officers individually rather than specifying they were being sued in their official capacity because so much is still currently unknown as to each officer's specific knowledge, notice and conduct." (Pl. Opp. Br., at 6).

conduct violated a constitutional right' and 'the right was clearly established' at the time of the objectionable conduct.") (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)) (emphasis added).

In addition, as noted above, the Amended Complaint expressly specifies that Defendants Lanigan and Lagana are sued in their official capacities. The omission of similar language in the Amended Complaint paragraphs addressing the Correction Officer Defendants suggests that Plaintiff did not intend to likewise limit his claims against these defendants to official-capacity claims. Since it appears that Plaintiff did intend to sue the Correction Officer Defendants in their individual capacities, the Court believes it is prudent to require Plaintiff to specify in what capacity the Correction Officers Defendants are being sued. For these reasons, the Court denies Defendants' motion to dismiss these claims, without prejudice, pursuant to Plaintiff filing a Second Amended Complaint with fourteen (14) days. In the Second Amended Complaint, Plaintiff shall specify in which capacity or capacities the Correction Officer Defendants are sued. No other amendments are permitted at this time—unless otherwise stated by the Court. If Plaintiff does not amend within fourteen (14) days, the Correction Officer Defendants may file a second motion to dismiss at that time.

### C. Statute of Limitations – Correction Officer Defendants

The Correction Officer Defendants next argue that all of Plaintiff's claims against them are barred by the applicable statute of limitations.[5] As discussed above, Plaintiff brings federal constitutional claims against these defendants as well as claims under an unspecified section of the

---

[5] These defendants refer to the statute of limitation applicable to section 1983 actions, as well as that applicable to the New Jersey Civil Rights Act ("NJCRA"). As Plaintiff correctly notes in his opposition brief, Plaintiff has not asserted any state statutory claims in the Amended Complaint. (Pl. Opp. at 6). Therefore, the Court does not address the NJCRA statute of limitations argument.

New Jersey Constitution. Because neither party address Plaintiff's claims under the New Jersey Constitution, the Court does not address them here.[6] The following discussion applies only to the section 1983 claims brought against the Correction Officer Defendants.

Section 1983 does not include its own statute of limitations. *See* 42 U.S.C. § 1983. Therefore, district courts must look to state limitations periods for guidance. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). For claims arising in New Jersey, courts apply the State's two-year limitations period for personal injury actions. *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 860-61 (3d Cir. 2014).

Here, Plaintiff filed his initial complaint on December 16, 2013. (D.E. No. 1, Complaint). This complaint named Defendants Lanigan and Lagana, and John Does 1 through 10. The John Doe Defendants were described in the caption as "certain unknown and fictitious defendants responsible for Plaintiff's physical, medical and mental condition of Plaintiff [sic] while a prisoner at Northern State Prison." (*Id.* at 1). Discovery ensued, and the Court held a status conference pursuant to Federal Rule of Civil Procedure 16 on September 16, 2014. (D.E. No. 11). At that conference, Plaintiff was directed to subpoena records from the Department of Corrections by October 16, 2014, and he was granted leave to file a motion to amend the complaint by November 14, 2014. (D.E. No. 10, Minutes of Proceedings).

Plaintiff filed a motion to amend on November 6, 2014, in which he stated:

At the time suit was filed, the names and identity of the actual correction officers was in question. Subsequent to filing Plaintiff's lawsuit, [Plaintiff] discovered through the issuance of a subpoena, the names and addresses of correction officers that were assigned to Plaintiff's wing while [sic]

---

[6] To the extent that Plaintiff intends to pursue claims under the New Jersey Constitution, the Court directs Plaintiff to specify which sections or rights were allegedly violated. Plaintiff may file a Second Amended Complaint that specifies such claims. Failure to do so will constitute waiver of those claims.

9

> incarcerated at Northern State Prison. Based on that new information, Plaintiff has prepared an amended complaint. At the time suit was filed, [Plaintiff] anticipated gathering prison records through the ordinary discovery process, but discovery was stayed pending certain motions by the State.

(D.E. No. 13, Motion to Amend, ¶¶ 2-5). Thereafter, defense counsel submitted a letter stating that the only Defendants then in the case, Lagana and Lanigan, took "no position on the motion" to amend, yet they asked the Court to grant the motion so that defense counsel could determine if he would be representing the newly-named defendants and advance any arguments on their behalf. (D.E. No. 14, Nov. 7, 2014 Letter at 1). Upon receipt of the parties' positions, Magistrate Judge Dickson granted the motion to amend on November 10, 2014, noting that "no opposition ha[d] been posed . . . ." (D.E. No. 15, Order at 2).

The Correction Officer Defendants argue that Plaintiff's naming of the individual correctional officers was untimely and, therefore, barred by the two-year limitations period. In particular, Defendants argue that: (1) that the claims accrued on May 13, 2012—the last date Plaintiff alleges the heat was broken; (2) Plaintiff was obligated to file his claims against the correctional officers within two years of that date, *i.e.*, by May 13, 2014; (3) Plaintiff amended his complaint on November 26, 2014 to substitute the John Doe defendants with the individual officer names; and (4) "[a]s such, Plaintiff's claims as to the individually named corrections officers must be dismissed." (Def. Mov. Br. at 15).

The problem with this argument is that it overlooks the applicability of Federal Rule of Civil Procedure 15. "Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). Because "[r]eplacing the name John Doe with a

party's real name amounts to the changing of a party or the naming of a party under Rule 15(c)," the Court of Appeals has analyzed these sort of amendments, in section 1983 cases, under Rule 15 jurisprudence. *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003). The relation-back provision was designed to function as a safety valve, "ameliorat[ing] the harsh result of the strict application of the statute of limitations." *Id.* If Rule 15's relation back provision applies, "the amended complaint is treated, for statute of limitations purposes, as if it had been filed" on the date the initial complaint was filed. *Id.* (citing *Singletary v. Penn. Dept. of Corr.*, 266 F.3d 186, 189 (3d Cir. 2001)); s*ee also Moreno v. City of Pittsburgh*, No. 12-615, 2013 WL 3816666, at *2 (W.D. Pa. July 22, 2013) (discussing *Garvin*).

Without analysis of Rule 15's relation back provision, these defendants' briefing lacks proper citations and discussion, and their motion to dismiss on statute of limitations grounds will be denied without prejudice. Statute of limitations is an affirmative defense, and the burden to show entitlement to the defense falls on defendants—not the Court. *See In re Cmty. Bank of N. Virginia*, 622 F.3d 275, 292 (3d Cir. 2010), as amended (Oct. 20, 2010) (quoting *Bradford–White Corp. v. Ernst & Whinney*, 872 F.2d 1153, 1161 (3d Cir. 1989)). As these defendants have not addressed whether Plaintiff's claims against them relate back to the initial, timely-filed complaint, the claims against the Correction Officer Defendants will not be dismissed on statute of limitations grounds at this time.

### D.   Qualified Immunity

Finally, the Correction Officer Defendants argue that they are entitled to qualified immunity. As explained above, qualified immunity is available only for claims brought against the officers in their individual capacities. Because the Court has granted Plaintiff leave to file a Second Amended Complaint that will clarify in which capacities he is suing these defendants, the

Court will deny without prejudice the motion to dismiss on qualified immunity grounds. In the event that Plaintiff amends to more clearly assert individual capacity claims against them, the Correction Office Defendants may file a second motion to dismiss at that time.

## III.   CONCLUSION

For the reasons stated above, the motion to dismiss is granted in part and denied in part. The Court grants Defendants' motion to dismiss, with prejudice, as to Plaintiff's section 1983 claims against Defendants Lagana and Lanigan. The Court denies Defendants' motion to dismiss with respect to Plaintiff's claims against the Correction Officer Defendants. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**