NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES GRAVES,<br><br>           Plaintiff,<br><br>      v.<br><br>GARY M. LANIGAN, et al.,<br><br>           Defendants. | Civil Action No. 13-7591 (ES) (JAD)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

In this prisoner civil rights action, Plaintiff James Graves ("Plaintiff") brings claims rooted in the New Jersey Civil Rights Act, the New Jersey Constitution, and the New Jersey Tort Claims Act against Defendants Gary M. Lanigan ("Lanigan"), Commissioner of the Department of Corrections for the State of New Jersey; and Paul Lagana ("Lagana"), Chief Administrator-Warden of Northern State Prison in Essex County, New Jersey. Plaintiff also brings Eighth and Fourteenth Amendment conditions-of-confinement claims against a number of correction officer defendants (collectively, "Defendants"). Plaintiff challenges Defendants' alleged failure to provide adequate heat to his cell while he was imprisoned at Northern State Prison. Presently before the Court is Defendants' motion to dismiss the Second Amended Complaint in its entirety. (D.E. No. 42). The motion is unopposed. The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendants' motion is granted in full.

**I.     BACKGROUND**

Plaintiff alleges that, between the dates of December 16, 2011 and May 13, 2012, the heating in Northern State Prison ("NSP") was not functioning. (D.E. No. 40, Second Amended Complaint ("Sec. Am. Compl.") ¶ 2). During this period, "Plaintiff and other prisoners" were only supplied blankets to keep warm. (*Id.* ¶ 32). Plaintiff then alleges that, as a result of the lack of adequate heat, his pacemaker began to malfunction causing "chest pain, fatigue, stress, mental anguish and worry." (*Id.* ¶ 33). The lack of sufficient heating in NSP ultimately resulted in Plaintiff's hospitalization from January 15, 2012 to January 17, 2012. (*Id.* ¶ 36).

In Count One, Plaintiff brings a conditions-of-confinement claim against the following Corrections Officers in their individual capacities: M. Williams ("Moosky"), J. Head, S. Cowans, I. Marsh, E. Hernandez, J. Correa, N. Oliveria, L. Arria, J. Virhuez, and R. Shelbourne (collectively, "C.O. Defendants"). (*Id.* ¶ 38). Plaintiff claims that the C.O. Defendants "fail[ed] to respond" to Plaintiff's exposure to "extreme cold" and "fail[ed] . . .to follow written and established policy in regard to ensuring that . . . inmates are not subjected to extreme cold . . . ." (*Id.*). In Count Two, Plaintiff alleges that Defendants Lanigan and Lagana violated both the New Jersey Civil Rights Act and the New Jersey Constitution by "ignoring and disregarding Plaintiff's … notice of physical, medical and mental injury" caused by exposure to extreme cold. (*Id.* ¶ 43). In Count Three, Plaintiff alleges that the C.O. Defendants violated the New Jersey Tort Claims Act by "fail[ing] to perform [their] duty" to protect Plaintiff from harm. (*Id.* ¶ 52). In Count Four, Plaintiff makes the same allegation against Defendant Lagana. (*Id.* ¶ 56).

**II.    PROCEDURAL HISTORY**

Plaintiff was released from confinement at Northern State Prison on July 20, 2012. (Sec. Am. Compl. ¶ 2). Plaintiff brought his original complaint on December 15, 2013, against

Defendants Lanigan, Lagana, and John Does 1-10. (D.E. No. 1). On June 7, 2014, Defendants Lanigan and Lagana moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. No. 6). In October 2014, the Court granted Plaintiff leave to amend his complaint, which he then filed with the Court on November 6, 2014. (D.E. Nos. 11, 12). Plaintiff's Amended Complaint named all of the previously John Doe corrections officers. All Defendants moved to dismiss the Amended Complaint on June 19, 2015. (D.E. No. 32). On March 29, 2016, the Court granted in part and denied in part Defendants' motion and granted Plaintiff leave to amend his complaint for a second time. (D.E. Nos. 37, 38). On April 12, 2016, Plaintiff filed his Second Amended Complaint with the Court. (D.E. No. 40). On May 12, 2016, Defendants filed the instant motion to dismiss the Second Amended Complaint. (D.E. No. 42).

For the reasons below, Defendants' motion is granted and the Court dismisses Plaintiff's claims against all Defendants *with prejudice*.

### III.    LEGAL STANDARD

####    A.    Federal Rule of Civil Procedure 12(b)(6)

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn

therefrom.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)). But the court is not required to accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

B. Section 1983 Actions

42 U.S.C. § 1983 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

**IV. DISCUSSION**

A. Defendants Lanigan and Lagana in their Official Capacities

*1. New Jersey Civil Rights Act and New Jersey Constitution*

Plaintiff brings claims against Defendants Lanigan and Lagana in their official capacities in Count Two of the Second Amended Complaint under the New Jersey Civil Rights Act, N.J.S.A. § 10:6-1 *et seq.* ("NJCRA"), and "Paragraph 12 of the New Jersey Constitution."[1] (Sec. Am. Compl. ¶ 46). Defendants argue in their pending motion that they are not amenable to suit under

---

[1] *See* N.J.S.A. Const. Art. 1, ¶ 12 ("Excessive bail shall not be required, excessive fines shall not be imposed, and cruel and unusual punishments shall not be inflicted . . . .").

either the NJCRA or the New Jersey Constitution because they are agents of state entities and therefore suit against them is barred by the Eleventh Amendment. (D.E. No. 42-2, Defendant's Brief in Support of Motion to Dismiss ("Def. Mov. Br.") at 15-18). The Court agrees.

The Court previously held that Defendants Lanigan and Lagana are not amenable to suit under 42 U.S.C. § 1983 in their official capacities because they are agents of state entities and thus immune from such a suit. (D.E. No. 37, March 39, 2016 Opinion at 5-6) ("[i]ndividual state employees sued in their official capacity are . . . entitled to Eleventh Amendment immunity . . . .") (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). This is because "official-capacity suits generally represent only another way of pleading an action against the state." *Hafer*, 502 U.S. at 25. The NJCRA is a state law corollary to 42 U.S.C. § 1983—it creates a private right of action for the violation of civil rights secured under the New Jersey Constitution. *Armstrong v. Sherman*, No. 09-716, 2010 WL 2483911, at *5 (D.N.J. June 4, 2010). Like § 1983, the plain language of the NJCRA imposes liability on any "person" who violates a plaintiff's civil rights under color of law. In particular, the NJCRA provides in relevant part that:

> Any person who has been deprived of any . . . rights . . . secured by the Constitution or laws of the United States, or . . . by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by *a person acting under color of law*, may bring a civil action for damages and for injunctive or other appropriate relief.

N.J.S.A. § 10:6–2(c) (emphasis added). The Court's § 1983 analysis applies equally to the New Jersey Civil Rights Act, and thus the NJCRA claim fails for the same reasons the § 1983 claims failed. *See Pettit v. New Jersey*, No. 09–3735, 2011 WL 1325614 at *3 (D.N.J. Mar. 30, 2011) (explaining that "[t]his district has repeatedly interpreted NJCRA analogously to § 1983"). Additionally, counts brought under both the NJCRA and the New Jersey Constitution are generally considered "redundant" and thus analyzed together. *See Trafton v. City of Woodbury*, 799 F. Supp.

2d 417, 444 (D.N.J. 2011) (noting New Jersey Civil Rights Act provides a cause of action to address violations of rights conferred by the New Jersey Constitution). Therefore, Plaintiff's claims brought pursuant to the NJCRA and the New Jersey Constitution against Defendants Lanigan and Lagana in their official capacities are barred by the Eleventh Amendment and dismissed with prejudice. *See Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 100-01 (1984) (holding that state officials are immune from suits in federal court based on violations of state law); *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 545-46 (2002) (holding that supplemental jurisdiction, 28 U.S.C. § 1367, does not extend to claims against nonconsenting state defendants).

### 2. N.J.S.A. § 59:2-2

Plaintiff also brings a claim under N.J.S.A. § 59:2-2, the New Jersey Tort Claims Act ("TCA") against Defendant Lagana in his official capacity in Count Four of the Second Amended Complaint. (Sec. Am. Compl. ¶ 56). The TCA provides, in relevant part, that a "public entity is liable for injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances." N.J.S.A. § 59:2-2(a). However, the TCA, "which allows suits against public entities and their employees in state courts, does not expressly consent to suit in federal courts" and is thus also barred by the Eleventh Amendment absent consent by the defendant. *Hyatt v. Cnty of Passaic*, 340 F. App'x 833, 837 (3d Cir. 2009) (citing on *Pennhurst*, 465 U.S. at 99). Here, there is no evidence that Defendant Lagana consented to suit in federal court under the TCA.

Additionally, the TCA is governed a two-year statute of limitations. *See* N.J.S.A. § 59:8-8(b). Plaintiff brings this claim under the TCA for the first time in his Second Amended Complaint, filed with the Court on April 12, 2016. (D.E. No. 40). The final date on which

Plaintiff's claims could have accrued was May 13, 2012, meaning that in order to comply with the TCA, Plaintiff needed to file this claim by May 13, 2014. Thus, Plaintiff is approximately two years out of time to bring a claim against Defendant Lagana under the TCA. Therefore, Defendants' motion is granted and Plaintiff's Count Four is dismissed with prejudice.

    B.    C.O. Defendants

Plaintiff brings Counts One and Three against C.O. Defendants, named in the original complaint as "John Does 1-10." Defendants move to dismiss both counts as time-barred because Plaintiff's Amended Complaint, the first filing naming C.O. Defendants, was filed out of time and fails to relate back to the initial complaint. The Court agrees.

Section 1983, under which Count One is brought, does not include its own statute of limitations. *See* 42 U.S.C. § 1983. Therefore, district courts must look to state limitations periods for guidance. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). For claims arising in New Jersey, courts apply the State's two-year limitations period for personal injury actions. *Estate of Lagano v. Bergen Cnty Prosecutor's Office*, 769 F.3d 850, 860-61 (3d Cir. 2014). Count Three, the New Jersey Tort Claims Act, has its own two-year limitations period. *See* § IV.A.2, *supra*.

Here, Plaintiff's cause of action accrued on May 13, 2012, the last date Plaintiff alleges the heat in Northern State Prison was malfunctioning. Plaintiff filed his initial complaint on December 16, 2013, within the two-year limitations period. (D.E. No. 1, Complaint). The original complaint named Defendants Lanigan and Lagana in their official capacities, and John Does 1 through 10. (*Id.* at 1). The John Doe Defendants were described in the caption as "certain unknown and fictitious defendants responsible for Plaintiff's physical, medical and mental condition of Plaintiff [sic] while a prisoner at Northern State Prison." (*Id.*). Plaintiff filed with the Court an Amended Complaint on November 6, 2014, seven months late, naming the individual C.O. Defendants.

7

(D.E. No. 12, Amended Complaint). Defendants moved to dismiss the Amended Complaint, arguing that Plaintiff was out of time to name new parties to the action. (D.E. No. 32-1 at 15). The Court denied Defendants' motion as to the C.O. Defendants, noting that the potential applicability of Federal Rule of Civil Procedure 15(c) was not discussed in Defendants' motion. (D.E. No. 37 at 11). Plaintiff's Second Amended Complaint, and Defendants' renewed motion to dismiss followed.

Rule 15(c) is the so-called "relation back" provision. This allows an otherwise out of time amendment to "relate back" to the date of the original filing, thereby satisfying the applicable statute of limitations. Replacing the named John Doe with a party's real name amounts to the changing of a party or the naming of a party under Rule 15(c), and thus the amended complaint will relate back only if the conditions specified in that rule are satisfied. *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003) (citations omitted). According to the Rule, an amendment of a pleading relates back to the date of the original pleading when:

> within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(3). This means that the parties to be added to the complaint must have "received notice of the institution of the action within 120 days following the filing of the action[.]" *Garvin*, 354 F.3d at 220. Defendants rely on *Garvin* to argue that they did not receive either actual or constructive notice of the suit within the relevant time frame. (Def. Mov. Br. at 26). Because there is no evidence that C.O. Defendants received actual notice within the statutory timeframe, the Court will focus only on whether they received constructive notice.

There are two possible methods by which the Court can impute notice on a defendant under Rule 15(c)(3). The first method, the "shared attorney" method, is based on the notion that when an "originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action." *Singletary v. Penn. Dep't of Corr.*, 266 F.3d 186, 196 (3d Cir. 2001). It must be noted that the "applicable test is not whether new defendants *will* be represented by the same attorney, but rather whether the new defendants *are* being represented by the same attorney." *Garvin*, 354 F.3d at 223 (emphasis in original) (citations omitted).

Here, Defendants Lanigan and Lagana were not represented by counsel at all during the relevant 120-day period. (*See* D.E. No. 3, Notice of Call for Dismissal Pursuant to Rule 4(m)). On June 7, 2014, Defendants filed their original motion to dismiss through counsel Deputy Attorney General ("DAG") Roshan Shah, 56 days after the expiration of Rule 4(m)'s 120-day period. (D.E. No. 6). At that time, DAG Shah represented only Defendants Lanigan and Lagana. Additionally, there is no evidence that DAG Shah ever represented the C.O. Defendants, as he never entered an appearance on their behalf and they are currently represented by DAG Ashley Gagnon. This is akin to *Garvin*, wherein "Deputy City Solicitor Sitarski entered her appearance solely on behalf of the City of Philadelphia . . . [and] did not represent any of the police officers within the 120–day period after the filing of the complaint and for that matter has not represented them at any time since then." *Garvin*, 354 F.3d at 223-224. There, the Third Circuit held that this was not enough for the amended complaint to relate back to the original complaint. *Id.*; *see also Walters v. Muhlenburg Tp. Police Dep't*, 536 F. App'x 213, 216 (3d Cir. 2013) (holding no relation back when plaintiff "did not point to any facts suggesting that" the new parties were represented by the same attorney). Such is the case here.

9

The second method by which notice may be imputed to the C.O. Defendants is the so-called "identity of interest" method. Identity of interest generally means that "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Singletary*, 266 F.3d at 197 (citations omitted). In *Singletary*, it was held that "staff level employee[s]" generally do not share an identity of interest with administrative or supervisory employees. *Id*. at 199. Here, Plaintiff hopes to impute notice to the C.O. Defendants through Defendants Lanigan and Lagana, the Commissioner of the Department of Corrections and the Warden of Northern State Prison, respectively. There is no evidence to support the notion that Defendants Lanigan and Lagana are so closely related to the C.O. Defendants that they share an identity of interest. Indeed, "absent other circumstances that permit the inference that notice was actually received, a non-management employee … does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule 15(c)(3) purposes." *Singletary*, 266 F.3d at 200; *see also Garvin*, 354 F.3d at 227; *Slutsky v. Guadagno*, No. 10-5331, 2014 WL 7370062, at *4-5 (D.N.J. Dec. 29, 2014) (applying *Singletary* to hold that corrections officers and a warden do not share sufficient interests to satisfy Rule 15(c)). Thus, the C.O. Defendants here did not share an identity of interest with Defendants Lanigan or Lagana.

Therefore, because Plaintiff has failed to meet either the shared attorney or the identity of interest standard for imputing notice to the C.O. Defendants, Plaintiff's Second Amended Complaint does not relate back to his original filing and thus Counts One and Three are dismissed as time-barred.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion is granted and Plaintiff's claims are dismissed *with prejudice* as to all Defendants. An appropriate Order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
